# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA LABASTIDA, et al.,<br><br>                    Plaintiff,<br><br>     vs.<br><br><br>MCNEIL TECHNOLOGIES, INC., et al.,<br><br>                    Defendant. | CASE NO. 10cv1690-MMA (CAB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>[Doc. No. 8] |

Plaintiffs Mariana Labastida, Abraham Cecena, and George Van Hemert bring this action, on behalf of themselves and others similarly situated, against Defendants McNeil Technologies, Inc. and Invizion, Inc. for alleged violations of the California labor code. Defendant Invizion, Inc. removed the action on August 11, 2010 pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Plaintiffs timely filed a motion seeking remand of the case to state court [Doc. No. 8]. Defendants filed an opposition to the motion, to which Plaintiffs replied [Doc. Nos. 12 & 13]. On October 25, 2010, the Court heard oral argument from defense counsel and thereafter took the motion under submission [Doc. No. 14]. For the following reasons, the Court **DENIES** Plaintiffs' motion.

///

///

///

- 1 -

## BACKGROUND

On September 10, 2007, Plaintiffs filed the underlying class action complaint against Defendant McNeil Technologies, Inc. in San Diego County Superior Court on behalf of those who are or have been employed by McNeil in any position in the State of California during the class period. McNeil is a contractor that provides professional services to the federal government. Plaintiffs allege over the course of at least four years prior to the filing of this action, McNeil denied the class of employees overtime compensation and meal and rest periods, and failed to comply with California's wage laws. Since the commencement of the litigation, Plaintiffs filed several amended complaints, including a Third Amended Complaint on November 24, 2008 and a Fourth Amended Complaint on September 24, 2009.

The Fourth Amended Complaint is the operative pleading and alleges eight causes of action under California law against Defendant McNeil, including: 1) violation of California Labor Code section 510 and 1194 (failure to pay overtime wages); 2) violation of California Labor code sections 226.7 and 512(a) (failure to provide meal periods or pay meal period premiums); 3) violation of California Labor Code section 226.7(a) (failure to provide rest periods or pay rest period premiums); 4) violation of California Labor Code section 226(a) (failure to provide accurate, itemized wage statements); 5) violation of California Labor Code sections 201, 202, 203 (failure to timely pay wages ate termination); 6) violation of California Business and Professions Code section 17200, et seq. (unfair competition law); and, 7) declaratory relief under Labor Code section 2698 et seq. (Private Attorneys General Act of 2004 ("PAGA")).

On October 20, 2009, Plaintiffs mailed a settlement demand letter to McNeil. The demand letter estimated McNeil's potential exposure at trial to be $10.3 million. The amount reflected the inclusion of prejudgment interest at the rate of ten percent per anum and PAGA penalties at one hundred percent recovery. On March 2, 2010, Plaintiffs' counsel attended a settlement conference with McNeil's counsel. At the meeting, McNeil's counsel informed Plaintiffs' counsel that McNeil believed its maximum exposure was $1,985,876.13. After the settlement conference, Plaintiffs requested McNeil's un-redacted payroll records in order to determine a reasonable counter offer.

In May 2010, while reviewing the payroll records, Plaintiffs discovered that Invizion, Inc.

had also paid the wages of class members. Like McNeil, Invizion is a contractor of professional services for the federal government. On June 28, 2010, Plaintiffs filed an amendment substituting Invizion as a Doe defendant. On July 6, 2010, Plaintiffs served Invizion's agent for service of process in California with the Fourth Amended Complaint.[1] *See Plaintiffs' Motion to Remand*, Ex. "A." Plaintiffs served Invizion at its corporate headquarters in Virginia on July 13, 2010. *Id.*, Ex. "D." On August 11, 2010, Invizion filed its Notice of Removal alleging federal subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

## DISCUSSION

On September 10, 2010, Plaintiffs filed a motion to remand this action to state court, arguing that Invizion's allegations of timeliness in the removal petition are procedurally defective, and that Invizion has failed to establish by a preponderance of the evidence that the amount in controversy requirement under CAFA is satisfied. Remand may be ordered either for lack of subject matter jurisdiction or due to a defect in the removal procedure. *Aguon-Schulte v. Guam Election Comm'n*, 496 F.3d 1236, 1240 (9th Cir. 2006). Courts strictly construe the removal statutes against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant has the burden of showing that it complied with the procedural requirements for removal. *See, e.g., Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

A.  Amount in Controversy

As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which, *inter alia*, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is over 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d) (CAFA). Under CAFA, the party seeking removal bears the burden of establishing removal jurisdiction. *See Abrego v. Abrego v. The Dow Chemical Co.*,

---

[1] The California Code of Civil Procedure lists the titles of individuals to whom service on a corporation may be delivered, including the corporation's designated agent for service of process, corporate officers, a general manager, or a person authorized by the corporation to receive service of process. Cal. Code. Civ. Pro. § 416.10.

1  443 F.3d 676, 685 (9th Cir. 2006).

2  The parties do not dispute numerosity or diversity. Nor do they dispute that Plaintiffs' Fourth Amended Complaint is silent as to the amount in controversy. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007) ("We have since applied the preponderance holding in *Sanchez* to complaints filed under . . . [CAFA] that do not specify a particular amount in controversy.").

Invizion relies upon Plaintiffs' Third Amended Complaint and the October 2009 settlement demand letter in order to establish that the amount in controversy requirement is met in this case. As Plaintiffs correctly argue, reliance on Plaintiffs' Third Amended Complaint is not proper as a superseded pleading "may not be considered . . . in determining whether the suit was removable." *Thiel v. Southern Pac. Co.*, 126 F.2d 710, 712 (9th Cir. 1942). Rather, "whether [this] suit was removable . . . must 'be determined according to [Plaintiffs'] pleading at the time of the petition for removal.'" *Id.* (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (emphasis added)). Thus, although Plaintiffs' Third Amended Complaint stated a specific amount of damages sought, Plaintiffs' Fourth Amended Complaint is silent as to the amount in controversy, giving rise to Invizion's burden to produce evidence that otherwise establishes that the jurisdictional requirement has been met.

Invizion points to Plaintiffs' October 2009 settlement demand, which far exceeded the $5 million amount in controversy requirement. A plaintiff's reasonable settlement demand constitutes evidence sufficient to establish the amount in controversy by a preponderance of the evidence. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002). In *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002), the court held that a letter stating the amount necessary to settle a case can be relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the

claim, especially where the plaintiff does not later disavow the demand as inflated or present contrary evidence.  Here, Plaintiffs argue that the settlement demand was improperly inflated and therefore cannot be relied upon at this juncture to establish the amount actually in controversy.  Plaintiffs assert that the demand included prejudgment interest, which is excludable from the amount in controversy calculation, and the demand calculated recovery under Plaintiffs' PAGA claim at 100% when Plaintiffs are entitled to only 25% of any such recovery (as 75% goes to California's Labor and Workforce Development Agency ("LWDA")).  Regarding PAGA recovery, as one court has recently surmised, "the question is not how much Plaintiff or the class will ultimately recover; the amount in controversy is calculated based upon the amount put into controversy by the complaint, regardless of how the recovery is divided.  Thus, it makes little difference whether the LWDA shares in the recovery – Plaintiff, by alleging PAGA penalties, has put 100% of the PAGA penalties in controversy." *Schiller v. David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS 81128 (E.D. Cal. July 14, 2010) (citations omitted).  Plaintiffs' demand letter estimated the potential PAGA penalties to be in excess of $4 million.

Plaintiffs' demand letter also estimated other penalties owed to be over $1 million, and wages owed to be just under $5 million.  Plaintiff does not directly undermine the reasonableness of these two estimates, but rather argues that the settlement demand was superseded by McNeil's counter offer of approximately $2 million.  This is beside the point.  When measuring the amount in controversy for jurisdictional purposes, courts are under an obligation to assume that the allegations in the operative complaint are true and that the jury will return a verdict in a plaintiff's favor.  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe," *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008), much less what a defendant is willing to admit it *may* owe during the course of ongoing settlement discussions.  As such, Plaintiffs' disavowal of the October 2009 settlement demand is unconvincing.

The Court finds that Invizion has met the burden of proving by a preponderance of the evidence that the amount in controversy is sufficient to confer jurisdiction.  The Court next considers Plaintiffs' argument that removal was untimely.

B.     Timeliness

Plaintiffs assert that removal was untimely because Invizion failed to remove this case within thirty days of service of Plaintiffs' Fourth Amended Complaint on July 6, 2010. Invizion argues that because the Fourth Amended Complaint is silent as to the amount in controversy, it did not become apparent that the matter was removable until August 2, 2010, when Invizion received copies of the above-mentioned Third Amended Complaint and October 2009 demand letter from co-defendant McNeil, which demonstrated that the amount in controversy satisfies CAFA's requirements.

Title 28 of the United States Code, section 1446(b) requires the removing defendant to file a notice of removal within thirty days after being served with a complaint alleging a basis for removal. If the defendant's removal notice fails to meet the procedural requirements of section 1446(b), the court may remand the action pursuant to timely motion by the plaintiff. *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Specifically, 28 U.S.C. § 1446(b) states,

> The notice of removal of a civil action or proceeding shall be filed **within thirty days** after the receipt by the defendant, through service or otherwise, **of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed **within thirty days** after receipt by the defendant, through service or otherwise, of a **copy of an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[2]

(emphasis added).

Plaintiffs invoke the first paragraph above, and move to remand on the basis that Invizion failed to remove within thirty days of service of Plaintiffs' Fourth Amended Complaint. In the August 11, 2010 Notice of Removal, Invizion alleges timeliness based on service of the Fourth Amended Complaint at the corporate headquarters in Virginia on July 13, 2010. Plaintiffs argue that

---

[2] However, "A class action may be removed to a district court of the United States in accordance with section 1446 [28 USCS § 1446] (*except that the 1-year limitation under section 1446(b) [28 USCS § 1446(b)] shall not apply*), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453 (emphasis added).

the Court should consider the effective date of service for purposes of assessing the timeliness of removal as the date Invizion's agent in California accepted service, July 6, 2010.

Invizion does not contest the authenticity of the earlier service date, but relies upon the second paragraph above to assert that the thirty day statute of limitations did not begin to run until August 2, 2010, when Invizion received copies of the Third Amended Complaint and the settlement demand letter that provided the information necessary to establish that this action satisfies CAFA's amount in controversy requirement.

The Ninth Circuit has held that "the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. *See* 28 U.S.C. § 1446(b)." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Here, the Notice of Removal references several specific dates. In paragraph 3 of the Notice, Invizion refers to July 13, 2010 as the date of service of the Fourth Amended Complaint and accompanying documents. Under the heading "Timeliness of Removal," Invizion states "the Complaint was initially served on Defendant on July 13, 2010. Defendant removes the Complaint to this Court within 30 days of service." *See id.*, ¶ 18. Invizion clearly cites the July 13, 2010 date of service of the Fourth Amended Complaint in Virginia as the date by which to judge timeliness of removal. Invizion fails in its opposition to Plaintiffs' motion to explain its reliance on the July 13, 2010 date of service rather than the July 6, 2010 date of service in California. Plaintiffs seize upon this discrepancy and assert that removal was untimely because Invizion was properly served with process on July 6, 2010 in California, and did not file its notice of removal until August 13, 2010. Failure to file a notice of removal within the statute's time period is a sufficient ground on which to remand an action to state court. *See Things Remembered v. Petrarca*, 516 U.S. 124, 128 (1995) (stating that remand based on untimely removal is "precisely the type of removal defect contemplated by § 1447(c)."); *see also* 28 U.S.C. §§ 1446(b), 1447(c). However, this case was not removable at the time Invizion received service of the Fourth Amended Complaint, either in

California or Virginia, because the complaint was silent as to the amount in controversy, as noted above.

This leaves the question of whether Invizion's removal is procedurally defective because the Notice of Removal inaccurately alleges the timeliness of removal based on the July 13, 2010 date of service of the Fourth Amended Complaint, rather than the August 2, 2010 date upon which the case became removable through the service of "other paper," to wit, the settlement demand letter, establishing the Court's jurisdiction under CAFA. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (holding that a demand letter sent during the course of the state court action can constitute "other paper" within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim). Invizion clearly relies on the Third Amended Complaint and the settlement demand letter to establish this Court's jurisdiction under CAFA, but does not rely on those documents to establish the timeliness of removal. *See Notice of Removal* ¶¶ 7-10 (stating that the FAC is silent as to the amount in controversy, and asserting that Plaintiffs' Third Amended Complaint, "filed in the San Diego Superior Court on November 24, 2008, alleges damages in excess of $12 million") and ¶ 13 (referencing the October 20, 2009 settlement demand letter, "asserting that the Plaintiffs' claims were worth in excess of $10 million dollars").

As noted previously, the removal statute is strictly construed against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Invizion's Notice of Removal could plausibly be considered technically defective because it misstated the date when this matter became removable, and inaccurately calculated the timeliness of removal therefrom. However, evidence offered in opposition to a motion to remand can be construed as an amendment to a notice of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *see also Willingham v. Morgan*, 395 U.S. 402, 405 n.3 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"). After thirty days, the removal petition cannot be amended to add allegations of substance, but it can be amended to clarify defective allegations of jurisdiction previously made. *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969).

Invizion's Notice of Removal includes proper allegations concerning the Court's jurisdiction over this matter and the basis for that jurisdiction, including the amount in controversy. In response to Plaintiffs' challenge to those allegations, Invizion has presented evidence that serves the dual purpose of establishing jurisdiction under CAFA as well as the date upon which the action became removable. Since Invizion clarifies both its alleged basis for federal jurisdiction as well as the timeliness of its Notice of Removal, and does not assert a new basis for jurisdiction, the Court is not precluded from considering the evidence and construing it as an amendment to the Notice of Removal.

As the Ninth Circuit has explained, to deny amendment of a formally defective removal notice that is not lacking in substance "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Barrow Dev. Co., Inc. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (allegations in a removal notice defective in form, but not so lacking in substance, may be amended). As such, the Court finds that Invizion has met its burden of demonstrating removal was proper in this case both procedurally and substantively.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' motion and declines to remand this matter to state court.

**IT IS SO ORDERED**.

DATED: November 23, 2010

Hon. Michael M. Anello
United States District Judge