# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA LABASTIDA, et. al.,<br><br>  Plaintiff,<br><br>vs.<br><br>MCNEIL TECHNOLOGIES, INC., et. al.,<br><br>  Defendant. | CASE NO. 10cv1690-MMA (CAB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 16]<br><br>**REMANDING ACTION TO STATE COURT** |

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's November 23, 2010 Order denying Plaintiffs' motion to remand [Doc. No. 8]. Defendants oppose Plaintiffs' motion, and Plaintiffs filed a reply [Doc. Nos. 17, 18]. Having considered the briefing, and for the reasons stated herein, the Court **GRANTS** Plaintiffs' motion for reconsideration and **REMANDS** this action to state court.

## BACKGROUND AND PROCEDURAL POSTURE

The Court detailed the events giving rise to this action in its previous order denying Plaintiffs' motion to remand [Doc. No. 15]. Those sections of the Court's November 23 Order are incorporated by reference herein. The Court in its November 23 Order ultimately denied Plaintiffs' motion to remand because the Court found that Invizion's Notice of Removal was proper both procedurally and substantively, pursuant to 28 U.S.C. 1446(b), and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Specifically, the Court found that

Invizion's Notice of Removal was timely, that the incorrect allegations of timeliness in the Notice constituted defects in form, curable by amendment, and that Invizion established, by a preponderance of the evidence, the jurisdictional amount requirement set forth in CAFA. 28 U.S.C. § 1332(d). *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Abrego v. Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006). After careful reconsideration, the Court now finds that Invizion fails to put forth sufficient evidence that the amount in controversy exceeds the statutory minimum.

## **LEGAL STANDARD**

Plaintiffs move for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), which provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, *any order* or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised* at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added). As a threshold matter, Defendant Invizion asserts that Plaintiffs' motion is improper because Rule 54(b) applies only to "judgments" and does not provide a basis for reconsideration. However, under Rule 54(b), a district court has inherent authority to "reconsider and modify an interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Jadwin v. County of Kern*, 2010 U.S. Dist. LEXIS 30949 *26 (E.D. Cal. Mar. 31, 2010) (quoting *Abada v. Charles Schwab & Co.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2001); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)). "But a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Jadwin*, 2010 U.S. Dist. LEXIS at *26-27 (quoting *Abada*, 127 F. Supp. 2d at 1102). The Court therefore exercises its inherent authority to reconsider and revise its November 23 Order pursuant to Rule 54(b).

Plaintiffs' motion for reconsideration is also proper under Rule 60(b), which Invizion cites as the applicable standard in its opposition brief. Rule 60(b) provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Under Rule 60(b), reconsideration may be granted in the case of "mistake, inadvertence, surprise or excusable neglect" or "any other reason [justifying] relief." FED. R. CIV. P. 60(b). A court's determination that it committed error certainly qualifies, and in this respect, the standards for review embodied in Rules 54(b) and 60(b) are complementary.

In addition to the foregoing, motions for reconsideration are also properly brought under Civil Local Rule 7.1(i), which allows parties to seek reconsideration of an order. Generally, courts will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the court's prior decision. *See, e.g.*, *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Ultimately, however, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## **DISCUSSION**

Plaintiffs request that the Court reconsider the evidentiary record related to Invizion's burden of establishing the amount in controversy requirement set forth in CAFA. In cases removed from state court, a removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal pursuant to CAFA must be timely filed in accordance with 28 U.S.C. 1446(b), and must indicate the amount in controversy satisfies the jurisdictional amount requirement of $5 million. *Id.* at 567. In this circuit, when a complaint does not contain any specific amount of damages sought, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the

defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The mere "legal possibility" that the amount in controversy is jurisdictionally sufficient is "clearly inconsistent with the limits which Congress has placed on both removal and diversity jurisdiction." *Id.* at 403. The Ninth Circuit has expressly applied this burden to complaints filed under CAFA that do not specify a particular amount in controversy. *Abrego*, 443 F.3d at 683 (applying *Sanchez* to complaints filed under CAFA that do not specify a particular amount in controversy).

When determining the amount in controversy, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). As the Court noted in its November 23 Order, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102 (S.D. Cal. 2003) (relying upon a settlement demand letter found to reflect a reasonable estimate of plaintiff's damages to conclude that requisite amount was in controversy).

Here, Invizion relied upon Plaintiffs' Third Amended Complaint and the October 2009 settlement demand letter to establish the amount in controversy. As indicated in the Court's November 23 Order, reliance on Plaintiffs' Third Amended Complaint is not proper, as a superseded pleading may not be considered in determining whether the suit was removable. *Thiel v. Southern Pac. Co.*, 126 F.2d 710, 712 (9th Cir.1942). And, although a settlement demand letter may be relevant evidence of the amount in controversy, Plaintiffs argue that here, Invizion's reliance on an outdated and inaccurate settlement demand is insufficient by itself to establish the amount in controversy. Plaintiffs request the Court review the evidentiary record as a whole, keeping particularly in mind Invizion's burden of proof, and based thereon reconsider its previous determination regarding whether the jurisdictional amount in controversy requirement is met in this case.

"The removal statute is strictly construed against removal and any doubt must be resolved in favor of remand." *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). With this in mind, the Court finds the following evidence and information, which existed at the time of removal, to be relevant to this determination. First, the Court notes that the October 2009 settlement demand letter, which was included with Invizion's Notice of Removal, was prepared by Plaintiffs and delivered to McNeil approximately nine months prior to the date Invizion filed its Notice of Removal [Doc. No. 1]. In addition, Plaintiffs' estimation that McNeil's exposure was approximately $10.3 million included prejudgment interest, which cannot be taken into account when determining whether the amount in controversy exceeds $5 million. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006). The demand letter also expressly stated that the offer would only remain open until October 29, 2009 [Doc. No. 1].[1] Further, at a March 2010 settlement conference, McNeil's counsel indicated that McNeil believed its maximum exposure was $1,985,876.13, and shortly after the meeting Plaintiffs requested McNeil's unredacted payroll records in order to determine a reasonable counteroffer.[2]

The Court finds that the foregoing calls into serious question the relevance and reasonableness of the October 2009 settlement demand letter. In cases with substantially similar facts, removing defendants have provided courts with detailed calculations in order to establish the amount in controversy. *See Wilson v. Best Buy Co.*, 2011 U.S. Dist. LEXIS 14400, *4 (E.D. Cal. Feb. 8, 2011); *see also Schiller v. David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS 81128 (E.D. Cal. July 14, 2010)*; Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085 (E.D. Mo. 2008). For example, in the recent case of *Wilson v. Best Buy Co.*, in order to establish the amount in

---

[1] These facts support Plaintiffs' assertion that the October 2009 settlement demand was both unreasonably inflated and outdated by the time Invizion received a copy [Doc. 8-1].

[2] In *Cohn v. Petsmart*, the Ninth Circuit noted that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. 281 F.3d 837, 840 (9th Cir. 2002). However, the court indicated that Cohn could have undermined the reasonableness of the defendant's reliance on the settlement demand letter to establish jurisdiction if he had attempted "to disavow the letter or offer contrary evidence." *Id.* In its November 23 Order, the Court noted that "Plaintiffs argue that the settlement demand was improperly inflated and therefore cannot be relied upon at this juncture to establish the amount actually in controversy" [Doc. No. 15]. Based on *Cohn*, the Court erred to the extent it found Plaintiffs disavowal to be inapplicable to the determination regarding whether Invizion satisfied its burden of proof.

controversy by a preponderance of the evidence, the payroll manager of defendant Best Buy calculated the amount in controversy based upon the precise number of employees, workweeks, and average hourly rate earned by the employees in question. 2011 U.S. Dist. LEXIS 14400, at *4. Based upon this evidence and allegations in plaintiffs' complaint that corroborated the amount in controversy, the court found that the defendant sufficiently established the amount in controversy. *Id.* at *5-7. Here, by comparison, Invizion's sole reliance on an outdated settlement demand letter and failure to provide any additional support for its claim that the amount in controversy exceeds the statutory minimum falls far short of establishing its burden of proof.

The removal statute is strictly construed against removal, and the Court cannot base its jurisdiction over this matter on a document that did not reflect a reasonable estimate of Plaintiffs' claim at the time Invizion filed its Notice of Removal.[3]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion for reconsideration and **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED**.

DATED: February 25, 2011

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge

---

[3] Because the Court concludes that Invizion failed to establish the amount in controversy by a preponderance of the evidence, the Court does not reconsider whether Invizion's Notice of Removal was procedurally proper pursuant to 28 U.S.C. 1446(b).